UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA WOYTKO, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FABFITFUN, INC.<br>　　　　　Defendant. | Case No. _____<br><br>DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[Snohomish County Superior Court Case No. 25-2-11519-31] |

**TO:**　　　The Clerk of the Court;

**AND TO:**　Plaintiff Melissa Woytko and Her Counsel of Record.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant FabFitFun, Inc. ("Defendant" or "FabFitFun") hereby removes the action *Melissa Woytko, et al. v. FabFitFun, Inc.* pending in the Superior Court of the State of Washington, County of Snohomish, Case No. 25-2-11519-31 (the "State Court Action") to the United States District Court for the Western District of Washington. As grounds for removal, Defendant respectfully states as follows:

### I.　　**INTRODUCTION**

1.　The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

("CAFA"), in that this matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

## II.     BACKGROUND

2.      On November 17, 2025, Plaintiff Melissa Woytko, on behalf of herself and all others similarly situated, filed the State Court Action in the Superior Court of the State of Washington for Snohomish County (the "Complaint"). On November 18, 2025, FabFitFun was served with the Complaint through their registered agent. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**. A true and correct copy of the Proof of Service Summons on FabFitFun is attached as **Exhibit B.** A true and correct copy of the Case Information Cover Sheet filed in the State Court Action is attached as **Exhibit C**.

3.      Woytko contends that FabFitFun violated the Washington Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, and the Washington Consumer Protection Act ("CPA"), Chapter 19.86 RCW, by sending emails with misleading or false subject lines to Washington consumers for the commercial purpose of marketing FabFitFun's products.

4.      While Woytko identifies only three emails that she alleges violated the statute, she suggests that these emails are just a small sampling of the "thousands" of violative emails that FabFitFun has sent to Washington residents. (Ex. A at ¶¶ 3, 17, 21, 25; *see also id*. at ¶¶ 15, 21 (claiming that FabFitFun sends "numerous" emails with misleading subject lines)).

5.      Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like—all of which FabFitFun expressly denies—or a waiver of any of FabFitFun's rights or defenses. FabFitFun reserves the

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

8addc0eb98a1a090

right to supplement and amend this Notice of Removal.

### III.  REQUIREMENTS FOR REMOVAL UNDER CAFA

6. The Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, FabFitFun may remove it to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

7. The Supreme Court dictates that district courts must apply the same liberal rules to removal allegations as to other pleadings. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (clarifying CAFA-removal standards). There is "no antiremoval presumption" with cases invoking CAFA jurisdiction. *Id.* at 89. Indeed, courts should read CAFA "'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109–14, p. 43 (2005)).

8. Following *Dart Cherokee*, the Ninth Circuit has directed district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."); *Bridgewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015) (holding that the district court erred by applying a "strong presumption against removal jurisdiction").

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

## IV. THE COMPLAINT SATISFIES CAFA'S REQUIREMENTS FOR REMOVAL

### A. Minimum diversity exists.

9. Under CAFA, diversity exists for removal purposes where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

10. A corporation is a citizen of any state in which it is incorporated and of the state where it has its principal place business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Under CAFA, these rules apply to an unincorporated association, as well. 28 U.S.C. § 1332(d)(10) ("an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").

11. At the time Woytko commenced the State Court Action, FabFitFun was a corporation organized under the laws of the state of Delaware with its principal place of business in California. (*See* Ex. A at ¶ 7.) Accordingly, for CAFA purposes, FabFitFun is a citizen of Delaware and California.

12. A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Woytko alleges that she was a resident of Everett, Washington when she filed the State Court Action. (*Id.* at ¶ 6.) Moreover, Woytko seeks to certify a class of, "All persons residing in Washington State who . . . received one or more commercial e-mails from FabFitFun." (*Id*. at ¶ 39.)

13. Because Woytko and the putative class members—or at least the overwhelming majority of them—are citizens of Washington, and FabFitFun is a citizen of Delaware and California, CAFA's diversity-of-citizenship requirement is satisfied.

**B.**     **The putative class includes at least 100 members.**

14. Woytko seeks to certify a class of "All persons residing in Washington State who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, received one or more commercial e-mails from FabFitFun." (*Id*. at ¶ 39.)

15. FabFitFun disputes Toytko's allegations of wrongdoing and that this matter is appropriate for class treatment or that any class could ever be certified. Nevertheless, her allegations suffice to demonstrate that at least 100 Washington residents received commercial email from FabFitFun within the applicable limitations period.

16. Woytko alleges that "as of 2021," FabFitFun "claims to have 2,000,000 paid subscribers." (*Id.* at ¶ 11.) Those subscribers and "hordes of consumers" that are not paid subscribers (*id.* at ¶ 12) all receive, "each day, thousands of commercial e-mail advertisements" from FabFitFun (*id.* at ¶ 3). Indeed, Woytko further alleges that "[o]n information and belief, the Class is comprised of thousands of people who received commercial emails from FabFitFun throughout Washington that contained the misleading subject lines." (*Id.* at ¶ 42.)

17. Thus, taking Woytko's allegations as true, the number of members of the putative

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

class is at least 100.

**C.      The amount in controversy exceeds $5 million.**

18.     A notice of removal needs to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra*, 775 F.3d at 1195 ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'").

19.     Under *Dart Cherokee*, a court must accept defendant's amount-in-controversy allegation unless the plaintiff contests it or the court questions it. 574 U.S. at 87. If contested, the defendant must show by a preponderance of the evidence that the amount exceeds CAFA's threshold, though no evidentiary submissions are required at the pleading stage. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions"); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same). CAFA's legislative history further indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." S. Rep. on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

20.     Again, FabFitFun denies Woytko's substantive allegations, the appropriateness of class treatment, and that she is entitled to any of the relief sought in the Complaint and does not

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

waive any defense with respect to any of her claims. Nevertheless, FabFitFun calculated the amount in controversy by taking Woytko's allegations at face value and aggregating claims of individual putative class members under 28 U.S.C. § 1332(d)(6). Woytko's allegations put more than $5,000,000 in controversy, exclusive of interest and costs.

21. Woytko seeks $500 in statutory damages *per violative email*, per *Washington consumer* who received a commercial email from FabFitFun over the *last four years*. (Ex. A at ¶¶ 39, 63, 65; RCW § 19.190.100 (violation of CEMA is a violation of CPA); RCW § 19.86.120 (CPA claims are subject to a four-year statute of limitations).)

22. Woytko claims that FabFitFun sends "thousands of emails" each day. (Ex. A at ¶ 3.) She also claims that the putative class is comprised of "thousands of people." (*Id.* at ¶ 42.) Thus, accepting Woytko's allegations as true, for example, even if Woytko's claims were limited to just four emails per year (4 emails x 4 years = 16 emails total), the amount in controversy requirement would be satisfied if FabFitFun sent these emails to just 625 Washington consumers ($500/violation x 16 emails x 625 Washington customers)—and this is just a small fraction of the putative class size alleged by Woytko.

23. Woytko's allegations clear the $5 million amount-in-controversy threshold in another way. Because she seeks $500 per violative email, just 10,001 emails would clear that threshold. And she alleges that FabFitFun sends "thousands of commercial email advertisements" per day "to consumers in Washington state." (Ex. A at ¶ 3.) Alleging that FabFitFun sends multiple thousands of emails per day means that each day, at least 2000 emails are at issue. The statute of limitations is greater than five days, which means more than 10,000 emails are at issue.

24. Plaintiff further seeks treble damages. (*Id.* at ¶ 64.) Based on this request, the

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

amount in controversy requirement would be satisfied if just 209 consumers received the four emails. ($1,500/violation x 16 emails x 209 Washington customers = $5,016,000).

### D. No CAFA exceptions apply.

25. The State Court Action does not fall within any exclusion to removal jurisdiction under 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

26. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a), because the Superior Court of the State of Washington for the County of Snohomish is located within the Western District of Washington.

27. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which service was effectuated November 18, 2025. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding the 30-day removal deadline is triggered by actual service of the complaint).

28. Further, FabFitFun will file this notice of removal with the Clerk of the Snohomish County Superior Court and provide it to all parties in compliance with 28 U.S.C. § 1446.

## VI. CONCLUSION

29. For these reasons, FabFitFun requests that the State Court Action now pending against them in the Superior Court of Washington, County of Snohomish, be removed to this Court.

/ / /

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

Dated this 18th day of December, 2025.

                SCHWABE, WILLIAMSON & WYATT, P.C.

By:   */s/ David R. Ebel*
       David R. Ebel, WSBA #28853
       Email: debel@schwabe.com

By:   */s/ Davis Leigh*
       Davis Leigh, WSBA #58825
       Email: dbleigh@schwabe.com
       1420 5th Avenue, Suite 3400
       Seattle, WA 98101
       Phone: 206-622-1711
       Fax: 206-292-0460
       *Attorneys for Defendant, FabFitFun, Inc.*

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
***Pro Hac Vice Applications Forthcoming***
Kennedy Dickson
kdickson@beneschlaw.com
Michael Meuti
mmeuti@beneschlaw.com
Mark Eisen
meisen@beneschlaw.com
127 Public Square, Suite 4900
Cleveland, OH 44114
Phone: 216-363-4500
Fax: 216-363-4588

DEFENDANT FABFITFUN, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2025, I caused to be served the foregoing DEFENDANT FABFITFUN, INC'S NOTICE OF REMOVAL OF CIVIL ACTION on the following party at the following address via E-Mail and First Class Mail:

**CARSON NOEL PLLC**
Wright A. Noel # 25264
20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837-4717
wright@carsonnoel.com
*Attorneys for Plaintiff*

**BURSOR & FISHER, P.A.**
L. Timothy Fisher
Julia K. Venditti
Joshua B. Glatt
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
ltfisher@bursor.com
jvenditti@bursor.com
glatt@bursor.com
*Attorneys for Plaintiff*

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Kennedy Dickson
Michael Meuti
Mark Eisen
127 Public Square, Suite 4900
Cleveland, OH 44114
Phone: 216-363-4500
kdickson@beneschlaw.com
mmeuti@beneschlaw.com
meisen@beneschlaw.com
*\*Pro Hac Vice Applications Forthcoming for Defendant*

*(signature)*
Tara Roberts, Legal Assistant

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\119805\163804\49659825.v2-12/18/25